UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHWEST CAPITAL INVESTMENT | § | |
| CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-2881 |
| | § | |
| HSBC BANK USA, N.A. AS TRUSTEE FOR | § | |
| ACE SECURITIES CORP. HOME EQUITY | § | |
| LENDING TRUST, SERIES 2005-HE7 | § | |
| ASSET BACKED PASS-THROUGH | § | |
| CERTIFICATES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 12), filed by HSBC Bank USA, N.A. as Trustee for ACE Securities Corp. Home Equity Lending Trust, Series 2005-HE7 Asset Backed Pass-Through Certificates ("HSBC") and Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff Southwest Capital Investment Corporation filed a Response in Opposition (Doc. 17), and Defendants filed a Reply in Support (Doc. 18).

Having considered the parties' submissions, the facts in the record, and the applicable law, the Court finds that the motion should be granted.

I. Background

On August 2, 2005, Uriel and Elsa Velasquez (the "Original Borrowers") executed a promissory note (the "Note"), promising to pay $105,520.00 in principal, plus interest, to WMC Mortgage Corporation ("WMC") to finance the purchase of property located at 214 Houghton Road, Katy, Harris County, Texas 77450 (the "Property"). Mot. Summ. J. 3. Concurrently, they executed a deed of trust (the "Deed of Trust") securing the Note, which named Mortgage

1 / 6

Electronic Registration System ("MERS") as the nominee for WMC and as the beneficiary. Mot. Summ. J. 3-4. On June 23, 2011, MERS, as nominee for WMC, executed an assignment (the "Assignment") of the Note and the Deed of Trust to HSBC "as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2005-HE7, Asset Backed Pass-Through Certificates." Mot. Summ. J. 4. Since February 4, 2012, Wells Fargo has been the acting mortgage servicer on the loan. Mot. Summ. J. 4.

The Original Borrowers defaulted on their mortgage and, as a result, the loan has been in arrears since October 1, 2009. Mot. Summ. J. 4. On June 20, 2010, the Original Borrowers sold the Property to Plaintiff, but Plaintiff has not cured the default. Mot. Summ. J. 5. On June 7, 2011, Wells Fargo sent Plaintiff a notice of acceleration and notice of sale, informing Plaintiff that the debt had been accelerated and the Property would be sold, though that sale has yet to take place. Mot. Summ. J. 5-6.

On June 27, 2011, Plaintiff filed its complaint in the 152nd Judicial District of Harris County, Texas, alleging fraud and wrongful foreclosure, and on August 4, 2011, Defendants removed the case to this Court.

II. Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing the claims determines the elements essential to the outcome of the case and thus determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250.

The moving party bears the burden of identifying evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial, *Celotex*, 477 U.S. at 324.

III. Analysis

*A. Fraud*

Under Texas law, there are six essential elements of fraud:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683, 687 (5th Cir. 2011) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam)). Plaintiff alleges that HSBC knowingly made two false representations: first, that HSBC was the proper and current mortgagee or holder of the Note; second, that it was the proper assignee or successor of MERS with respect to the Property. Pl.'s Original Petition ¶ 23, Doc. 1-3. Plaintiff further alleges that it relied on these representations to its "substantial injury and damage." Pl.'s Original

Petition ¶ 24. Plaintiff does not make any factual allegations of fraud against Wells Fargo.

Regarding the allegedly false representations, HSBC responds by submitting the Note (Doc. 12-1), the Deed of Trust (Doc. 12-2), and the Assignment (Doc. 12-3). These documents make clear by their plain language that MERS, as nominee for WMC, assigned the Note and Deed of Trust to "HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2005-HE7, Asset Backed Pass-Through Certificates." Assignment 1.

There is nothing in the record that challenges the authenticity of these documents; instead, Plaintiff challenges the authority of MERS to assign them and, as a result, the separation of the Note and the Deed of Trust. But the latter argument is not reached because the clear authority of MERS (as spelled out in the Deed of Trust) resolves the former and forecloses the latter:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.
>
> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.
> . . . .
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the rights to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
> . . . .
> . . . The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower.

Deed of Trust 3, 12. "Moreover, 'a transfer of an obligation secured by a note also transfers the

note because the deed of trust and note are read together to evaluate their provisions.'" *Goines v. CIT Grp., Fin., Assignor*, No. H-11-CV-3287, 2012 WL 1551712, at *5 (S.D. Tex. May 1, 2012) (internal quotation marks omitted), appeal dismissed (Oct. 12, 2012). And, in reading these two documents together, the only conclusion that can be reached is that there is nothing false or improper about HSBC's representations. MERS had the authority to assign the Note and the Deed of Trust to HSBC and did, in fact, assign them. As for Wells Fargo, because no factual allegations of fraud have been made, no claim of fraud may lie.

Regarding injury, Plaintiff's allegations are conclusory, not factual, stating only that "plaintiff has been damaged" but failing to cite any specific injury suffered. Pl.'s Original Petition ¶ 24.

In sum, no genuine issue of material fact exists as to the claim of fraud, and the undisputed facts that do exist are insufficient to establish essential elements of the claim: that Defendants' representations were false and that Plaintiff suffered injury.

*B. Wrongful Foreclosure*

Under Texas law, the elements of wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008)). Plaintiff alleges "that defendants have no standing to foreclose on the Property at issue because defendants were not proper holders of the note in question," stating in support only that "[a] person or entity not identified in a note who is seeking to enforce it as the owner or holder must prove the transfer by which it acquired the note." Pl.'s Original Petition ¶¶ 25-26.

First, as explained above, HSBC *is* the proper holder of the Note—and, as the mortgage servicer, Wells Fargo may administer foreclosure on HSBC's behalf. *See* Tex. Prop. Code § 51.0025; *see also Griffin v. BAC Home Loans Servicing, LP*, No. H-09-CV-3842, 2011 WL 675285, at *2 (S.D. Tex. Feb. 16, 2011) ("A mortgage servicer may administer a foreclosure without the note."). Moreover, Texas law does not require possession or production of the note because "[f]oreclosure enforces the deed of trust, not the underlying note." *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011) (collecting cases). Finally, as Defendants point out—and Plaintiff does not dispute—no foreclosure sale has taken place, Mot. Summ. J. 6, and, since no defect is apparent even at this preliminary point in the foreclosure process, no elements of wrongful foreclosure can be established.

As a result, no genuine issue of material fact exists and Plaintiff's wrongful foreclosure claim fails as a matter of law.

IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's claims are DISMISSED.

SIGNED at Houston, Texas, this 15th day of January, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE